**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SEAN BROWN,
                    Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0752-10-0168-R-1

DATE: January 30, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sean Brown, Zephyrhills, Florida, pro se.

Jeffrey L. Sheldon, Esquire, Tampa, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a request to reopen his removal appeal, which was dismissed pursuant to the parties' execution of a settlement agreement. For the reasons set forth below, we DENY the appellant's request to reopen.

On October 29, 2009, the appellant filed a removal appeal. *Brown v. U.S. Postal Service*, MSPB Docket No. AT-0752-10-0168-I-1, Initial Appeal File, Tab 24, Initial Decision (ID) at 1. On March 3, 2010, the administrative judge

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

dismissed the appeal pursuant to the parties' execution of a settlement agreement. ID at 1-2.  In February 2012, the appellant filed a petition for review, alleging that the settlement agreement was fraudulently and involuntarily obtained.  *Brown v. U.S. Postal Service*, MSPB Docket No. AT-0752-10-0168-I-1, Petition for Review (PFR) File, Tab 1.  With his petition, the appellant submitted an October 21, 2011 decision from the Social Security Administration (SSA) denying his request for disability insurance benefits.  *Id.* at 3-11.  In a final Board order dated September 13, 2012, the Board dismissed the appellant's petition as untimely filed, finding that the appellant did not explain why he waited approximately 4 months after he received SSA's decision to file his petition and, thus, failed to show that he acted with due diligence in filing his petition.  *Brown v. U.S. Postal Service*, MSPB Docket No. AT-0752-10-0168-I-1, Final Order (Sept. 13, 2012); PFR File, Tab 10 at 3.

On October 2, 2019, the appellant filed a submission with the Atlanta Regional Office alleging that he had "just discovered that [his] settlement of March 01, 2010 [was] a fraud."  *Brown v. U.S. Postal Service*, MSPB Docket No. AT-0752-10-0168-R-1, Request to Reopen File (RRF), Tab 1 at 1.  With his submission, he included a copy of the March 1, 2010 settlement agreement as well as copies of pay stubs dated September 7, 2007, and December 11, 2009.  *Id.* at 2-9.[2]  On October 20, 2019, he filed another pleading in which he appears to argue that he did not understand the settlement agreement and was forced to sign it on March 3, 2010.[3]  RRF, Tab 2 at 1.  Because the appellant has filed these submissions alleging fraud approximately 7 years after the Board's final decision regarding his removal appeal, we treat them as a request to reopen.

---

[2] The appellant filed a similar pleading 4 years later, on October 25, 2023, alleging that he "received a fraudulent settlement agreement from the [O]ffice of [P]ersonnel [M]anagement in Marc[h] of 2010."  RRF, Tab 5.

[3] With his October 20, 2019 pleading, the appellant also submitted a copy of an October 19, 2019 letter he sent to the agency in which he appears to assert that the settlement agreement was fraudulent when it was signed.  RRF, Tab 2 at 3-4.

The Board has authority to reopen, on its own motion, appeals in which it has rendered a final decision. 5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.118. The Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances, such as an intervening event or the discovery of a misrepresentation or fraud. *Mitchell v. Department of Commerce*, 100 M.S.P.R. 415, ¶ 9 (2005). The discovery of a fraud that renders a settlement agreement invalid can provide a basis for reopening an appeal. *See Linares-Rosado v. U.S. Postal Service*, 112 M.S.P.R. 599, ¶¶ 7, 11 (2009). The Board, however, will reopen an appeal only if the appellant has exercised due diligence in seeking reopening. *See Keys v. Office of Personnel Management*, 113 M.S.P.R. 173, ¶ 8 (2010) (stating that a request to reopen must be presented in a timely manner, generally measured in weeks).

Here, the appellant has neither introduced new evidence concerning the alleged fraud that he contends renders the settlement agreement invalid nor shown that he acted diligently in filing his request to reopen upon learning of such alleged fraud.[4] Accordingly, we find no basis for reopening and reconsidering the appeal, and the appellant's request to reopen the appeal is, therefore, denied.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] To the extent the appellant is claiming that he was forced to sign the settlement agreement in March 2010 and/or that he did not understand the terms of the settlement agreement when he signed it, RRF, Tab 2 at 1-4, Tab 5, he appears to have previously raised such claims in his prior petition for review, which the Board dismissed as untimely filed in its September 13, 2012 Final Order, PFR File, Tab 1 at 1, Tab 10 at 3. In any event, the appellant has not offered any facts or evidence that would suggest that such claims are based on newly discovered evidence.

[5] On March 15, 2023, the appellant filed a pleading in which he requested a hearing. PFR File, Tab 3. In light of our decision, the appellant's request is denied.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                           _____
                                         Gina K. Grippando
                                         Clerk of the Board

Washington, D.C.